AMERICAN TRUST COMPANY, a corporation, as Trustee, OUITA T. GAMEWELL, a widow, JOSEPH M. GAMEWELL, JR., and JENNIE P. GAMEWELL, his wife, v. R. F. MAGUIRE, as Executor of the Estate of JOSEPH M. GAMEWELL, deceased.

36 So. (2nd) 615 June Term, 1948
July 23, 1948 En Banc

*J. Thomas Gurney, Parker, Foster & Wigginton* and *Joseph P. Lea, Jr.,* for petitioners.

*Maguire, Voorhis & Wells,* for respondent.

PER CURIAM:

The former judgment denying certiorari is adhered to.

THOMAS, C. J., ADAMS, SEBRING and HOBSON, JJ., concur.

TERRELL, CHAPMAN and BARNS, JJ., dissent.

BARNS, J., dissenting:

This is a proceeding in certiorari to review an interlocutory order in equity wherein the Chancellor on the 17th day of January, 1948, entered the following order:

"ORDERED, ADJUDGED AND DECREED that said motion to quash be and the same is hereby denied, and the defendants shall have until the Rule Day in February, 1948, within which to file such pleadings of motions as they may be advised."

James A. Gamewell settled a trust in North Carolina with the American Trust Company of that state and with the other petitioners, who are also residents of North Carolina, as some of the beneficiaries of the trust.

Thereafter James M. Gamewell died a resident of Florida, leaving a will and estate in Florida of an approximate value of $132,000. The Honorable R. F. Maguire was appointed executor of the will.

Executor Maguire brought his bill of complaint against (1) the beneficiaries under the will and (2) the North Carolina trustee and the North Carolina beneficiaries of the trust, wherein he alleges, among other things, that:

"SEVENTH: That the total federal estate taxes payable on account of: property devolving and transmitted under the terms of said Trust Indenture; on account of the insurance upon the life of Joseph H. Gamewell payable unto Ouita T. Gamewell, his widow; and on account of the estate transmitted by said last will and testament and codicil thereto, will be substantially in excess of $185,000.00, which tax plaintiff as Executor is charged with the responsibility of paying or causing to be paid; that such total federal estate tax so required to be paid will exceed by more than $90,000.00 the total net assets of the estate passing under said will and codicil after allowance is made for the payment therefrom of personal debts of Joseph M. Gamewell, expenses incident to his last illness, funeral expenses, income taxes required to be paid, estate and transfer taxes chargeable against the estate, transmitted by said will and codicil, and the costs of administering such estate.

"EIGHTH: That all of the net property and assets which remained in said trust at the time of the death of Joseph M. Gamewell are included in the gross estate of the said Joseph M. Gamewell, deceased, under Section 811 (f), Title 26, U. S.

Code Annotated, and that unless the will and codicil of the said Joseph M. Gamewell, deceased, otherwise direct, the plaintiff as Executor is entitled to recover from said American Trust Company such proportion of the total tax as the value of such property held by the trust estate set forth above bears to the sum of the net estate and the amount of the exemption allowed in computing the net estate as authorized and required by law; that such recovery is provided for and authorized by Section 826 (d), Title 26, U. S. Code Annotated, as follows:

" '(d) *Liability of recipient of property over which decedent had power of appointment.* Unless the decedent directs otherwise in his will, if any part of the gross estate upon which the tax has been paid consists of the value of property included in the gross estate under Section 811 (f), the executor shall be entitled to recover from the person receiving such property by reason of the exercise, non-exercise, or release of a power of appointment, such portion of the total tax paid as the value of such property bears to the sum of the net estate and the amount of exemption allowed in computing the net estate, determined under Section 935 (c), or Section 861, as the case may be. If there is more than one such person the executor shall be entitled to recover from such persons in the same ratio.'

"NINTH: That with respect to the life insurance paid to and received by Ouita T. Gamewell and referred to in paragraph FIFTH hereof, unless the will of said Joseph M. Gamewell directs otherwise, the plaintiff as Executor is entitled to recover from the said Ouita T. Gamewell as beneficiary under the insurance policies so described, such proportion of the total federal estate tax as such proceeds of said insurance policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate as authorized by law. Such recovery is provided for and authorized by Section 826 (c), Title 26, U.S. Code Annotated, as follows:

" '(c) *Liability of life insurance beneficiaries.* Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable

by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of said policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate, determined under Section 935 (c). If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio.'

"TENTH: Plaintiff alleges that the transfer of property rights provided under the terms of said Trust Indenture did not finally take effect until the death of Joseph M. Gamewell, in that, until his death he had the right, in conjunction with another, namely, Ouita T. Gamewell, to change the beneficiaries of said trust estate in whole or in part, or to revoke the same entirely; that with respect to the making of said trust Indenture and the transfer of property and subjecting the same thereto by the said Joseph M. Gamewell, there was no bona fide sale for an adequate and full consideration in money or money's worth; that the said Joseph M. Gamewell knew that the ultimate transfer of the property in said trust would be subject to an estate tax but expressly provided for the defense of said trust estate against the imposition of a gift tax; that the said Joseph M. Gamewell, before and at the time of transferring said assets to said trust, had the right to direct the funds and estate from which said federal estate taxes should be paid with respect thereto, and did direct that said taxes be paid from said trust estate, in that said Trust Indenture expressly provides that, prior to the apportionment of the several interests thereby devolved, such apportionment shall be made, ' . . . after deducting all taxes of every kind and nature, or other items, properly chargeable against the trust estate . . . '; and that when said Trust Indenture and said last will and testament and codicil thereto are construed together, it is evident that the said Joseph M. Gamewell intended said trust estate to pay its appropriate proportion of the federal estate taxes upon his total net estate.

"ELEVENTH: That plaintiff alleges that said last will and testament and codicil thereto of Joseph M. Gamewell, deceased, do not direct that the estate transmitted by said will

and codicil be used, either in whole or in part, in the payment of federal estate taxes arising from and out of said trust estate referred to in paragraph FOURTH hereof, or said insurance paid to Ouita T. Gamewell referred to in paragraph FIFTH hereof. Plaintiff alleges that the said Joseph M. Gamewell, deceased, did not intend any part of the estate passing by said last will and testament and codicil thereto to be used in the payment of such federal estate taxes because, had such been his purpose, (a) his expressed intent in said will and codicil would be wholly and totally defeated; (b) the making of said will would have served no purpose; (c) none of the beneficiaries named therein would receive any of the property devolving thereby; and (d) approximately $90,000.00 over and above the total of net assets passing by said will and codicil thereto would be required for the payment of such federal estate taxes, and the only sources therefor would be the trust assets and insurance hereinbefore referred to."

The relief sought by Executor Maguire's bill was a decree:

"(1) Construing, declaring and determining the intention of the testator, Joseph M. Gamewell, deceased, under the provision of his will set forth above and referred to herein, and the rights, liabilities, duties and responsibilities between the plaintiff, on the one hand, and the defendants, and each of them, on the other, with respect to the payment of federal estate taxes payable upon the estate of Joseph M. Gamewell, deceased, and their respective liabilities for the payment of proportionate shares and the proportions thereof, of said federal estate taxes, all in accordance with the facts alleged above and the law in such cases made and provided.

"(2) Construing, declaring and determining the rights, liabilities, duties and responsibilities between the plaintiff and the defendants respectively, and between the plaintiff and the defendants, or any of them, under the provisions of the trust agreement referred to and described above with respect to the payment of federal estate taxes payable upon the estate of Joseph M. Gamewell, deceased, and their respective liabilities for the payment of proportionate shares and the proportion thereof, of federal estate taxes in accordance with the facts alleged above and the law in such cases made and provided.

"(3) Direct the plaintiff with respect to his rights, status, power and privilege in relation to the payment of said federal estate taxes, and to instruct him particularly whether he is required to liquidate the total of said estate passing under the will of Joseph M. Gamewell, deceased, and apply the same, minus debts required to be paid, expenses incident to the last illness of Joseph M. Gamewell, deceased, funeral expenses, and the cost of administering said estate, to the payment of federal estate taxes, notwithstanding that such procedure will require the sale of the heirlooms and the personal property given and bequeathed as set forth in paragraph FOURTH of said will.

"(4) Retain jurisdiction of this cause to enable plaintiff to procure promptly further relief based upon such declaratory decree, judgment, order, and directions as may be granted, entered and given herein."

The statutory proceedings for process by publication seem to have been attempted as against the petitioners who are now before this Court by petition for review by certiorari.

On the return day of the "Notice to Appear," the petitioners here filed in the Circuit Court a special appearance, wherein the petitioners suggested to the Court that no proper service had been had over petitioners because:

"It affirmatively appears from the Bill of Complaint that the trust was created in North Carolina, approved by the courts of North Carolina, and that the Trustee is a citizen of North Carolina; that these defendants are citizens of North Carolina, and therefore neither the trust nor the assets, nor the persons of these defendants have ever come within the jurisdiction of the Circuit Court of Orange County, Florida, so that that Court could render a binding decree on these parties as beneficiaries of such trust through process by publication."

The special appearance was captioned "Special Appearance and Motion to Quash," but the document contains no motion to quash process or service of process or anything else.

Thereafter the Chancellor, on January 17, 1948, made an order, the decretal portion of which is quoted at the commencement of this opinion.

When the allegations of the bill are considered it appears that the matters suggested in the special appearance are true and that the Circuit Court's jurisdiction has not been invoked by a case wherein any effective service process by publication can be had as against the non-resident petitioners.

The only relief sought against the petitioners is to bind them *in personam* and under the due process clause of the United States Constitution the service of process by publication is not sufficient to bind non-resident defendants *in personam* when such defendants are not citizens of this State.

The petition for certiorari should be granted and the order quashed and the cause remanded for proceedings not inconsistent herewith.

TERRELL and CHAPMAN, JJ., concur.